IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RANDALL THOMAS CLARK, #11443-078 §

VS. § CIVIL ACTION NO. 4:09cv387
CRIMINAL ACTION NO. 4:04cr103(3)

UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Randall Thomas Clark, a federal prisoner proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On December 9, 2004, a jury found Movant guilty of conspiracy to manufacture, distribute or possess with intent to manufacture, distribute, or dispense gamma hydroxy butyrate, or 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing methamphetamine, or 100 kilograms or more of marijuana from 1997 through November 10, 2004, in violation of 21 U.S.C. § 846. The jury made a special finding that Movant was responsible for 14,052.8 grams of a mixture of substance containing a detectable amount of methamphetamine, and that he possessed a firearm during, and in relation to, a drug trafficking crime. On April 28, 2005, the Court sentenced Movant to 236 months' imprisonment. On September 3, 2005, the Fifth Circuit

1

Court of Appeals affirmed Movant's conviction and sentence. *United States v. Clark*, 289 Fed Appx. 44 (5th Cir. 2008).

In the present § 2255 motion, Movant asserts he is entitled to relief based on numerous claims of ineffective assistance of counsel. The Government filed a Response, asserting that Movant's issues are without merit. Movant did not file a Reply.

Statement of Facts

The Fifth Circuit Court of Appeals summarized the facts of the case in its opinion:

> Randall Thomas Clark and Steve Martin claim a number of errors related to their convictions and sentences for conspiring to distribute and possess with intent to distribute methamphetamine. In particular, Martin alleges a violation of the Speedy Trial Act, challenges the sufficiency of the evidence for his conviction, urges that the trial court abused its discretion in failing to give a requested jury instruction, and faults the district court's sentence. Clark asserts that the trial court's jury instructions were improper, and claims prejudice from allegedly incorrect applications of the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) (2003). Finding no error, we affirm.
>
> I. Background
>
> Clark, Martin, and seven co-defendants were indicted by a federal grand jury with conspiring to distribute and possess with intent to distribute over 500 grams of a mixture containing methamphetamine from approximately 1997 until 2004. Martin was also charged with being a felon in possession of a firearm. At trial, the government presented testimony from law enforcement officers and cooperating defendants alleging a criminal organization through which co-conspirator Sergio Solis imported large amounts of methamphetamine from Mexico, and distributed the narcotic to individuals including Clark and co-defendant Michael Holland.
>
> Solis testified that he provided Clark half-pound amounts of methamphetamine every week for three or four months, and witnessed Holland sell Clark four-ounce quantities of methamphetamine on at least ten occasions.[FN1] Solis also claimed that Clark participated in the transportation of six pounds of methamphetamine from Mexico in 2002, and stored one to four pounds of methamphetamine five or six times. In all, the government urged that Clark was responsible for no less than 14,052.8 grams of a mixture including methamphetamine.

> FN1. Testimony at trial indicated that one to two ounces would be "dealer quantities."

. . .

> The trial court instructed the jurors about the elements necessary to prove a drug trafficking conspiracy, largely adopting the language of Fifth Circuit Pattern Jury Charge 2.89. However, the court denied Martin's request for a "buyer-seller" instruction, which would have indicated that a defendant cannot be convicted of conspiracy based solely on evidence of being a buyer or seller of narcotics. The court submitted a special verdict form, asking the jury to "determine the quantity of methamphetamine or a mixture or substance containing a detectable amount of methamphetamine, if any, attributable to each defendant." The jury found Clark, Martin, and another co-defendant guilty of the narcotics conspiracy, and convicted Martin of being a felon in possession of a firearm. Clark was held responsible for 14,052.8 grams of a mixture or substance containing a detectable amount of methamphetamine; 6,224.4 grams was attributed to Martin; and their co-defendant was deemed responsible for 597.9 grams.
>
> At Clark's and Martin's sentencings, the trial court adopted the findings of fact contained in the Presentence Investigation Reports, which included as relevant conduct the methamphetamine amounts determined by the trial jury. Overruling Clark's objection, the court explained:
>
>> Of course, one of your objections is about the quantity of the drugs. The jury heard all of that evidence and the jury made a finding about the quantity of drugs that this Defendant was responsible for and I cannot fault the jury's finding in that regard. I think the evidence supported it.
>
> Based on the drug quantity, the district court calculated a Guidelines sentencing range of 292 to 365 months imprisonment for Clark. However, the court imposed a below-Guidelines sentence of 236 months imprisonment, explaining that it was reasonable considering "all of the factors" of 18 U.S.C. § 3553(a), particularly Clark's age and the small likelihood of recidivism upon release from prison. . . .

*Clark*, 289 Fed Appx. at 44-48.

## Federal Habeas Corpus Relief

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a

§ 2255 proceeding may not bring a broad based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

### Ineffective Assistance of Counsel - Trial and Appeal

Movant presents numerous issues asserting he is entitled relief due to the ineffectiveness of both his trial and appellate counsel.

### Legal Standard

A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Movant must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to

their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

Discussion

Movant alleges the following issues based on his trial counsel's ineffectiveness:

1. Failed to offer a recommendation as to whether to plead guilty;

2. Failed to discuss discovery material before trial;

3. Failed to raise "antagonistic" defenses as they related to a defense motion to sever;

4. Coerced Movant to go to trial by stating that a guilty plea would eliminate the right to appeal;

5. Failed to discuss with Movant that a guilty plea would allow him to argue for acceptance of responsibility points;

6. Advised Movant not to testify at trial;

7. Gave Movant conflicting advice about the need to worry about a gun charge because the Government did not file it on time;

8. Failed to enter into plea negotiations concerning the gun enhancement, causing Movant to receive a "gun enhancement;"

9. Failed to object to the Court's instruction on the "requisite standard of proof;"

10. Failed to object to prejudicial chart information displayed to the jury;

11. Failed to adequately cross-examine Solis regarding conflicting statements by his girlfriend, Ana;

12. Failed to emphasize false statements by Solis revealed by testimony of another witness;

13. Failed to inform jury during cross-examination that the auto rental agreement was not signed by Movant;

14. Failed to cross-examine Holland as to when he began using drugs;

15. Failed to follow Movant's instructions to cross-examine Carney to establish that Movant had never acted as a debt collector;

16. Failed to properly object to the Government's alleged manipulation of the charging instruments, allegedly resulting in Movant's co-defendants being treated differently than Movant;

17. Failed to bring the issue of Movant's substantial assistance to the Court's attention concerning the trip across the border;

18. Failed to object to the Government's alleged bad faith characterization of the smuggling even without crediting Movant with cooperation; and

19. Failed to call specific witnesses requested by Movant.

Movant then claims that his appellate counsel was ineffective when he failed to raise on appeal:

1. Alleged prosecutorial misconduct;

2. Alleged misstatement concerning the burden of proof;

3. Alleged prejudicial joinder of Clark and his co-defendant's trial; and

4. Conflict of interest of counsel by acting both as trial and appellate counsel.

In this case, Movant brings this lengthy list of counsel's alleged failures, yet he presents no evidence from the record or otherwise to support his claims. He simply utters his complaints and then cites to general caselaw. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796,

7 99 (5th Cir. 1982). Movant presents no specifics concerning his allegations. His claims are generally vague and conclusory. He presents no affidavits or documentary evidence in support. He has wholly failed to properly present his issues to this Court for consideration. *Id*. Conclusory allegations are insufficient to merit habeas relief. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (court cannot even begin to analyze claim of ineffective assistance of counsel without affirmative showing of missing evidence or testimony); *Barnard v. Collins*, 958 F.2d 634, 642 n. 11 (5th Cir. 1992), *cert. denied*, 506 U.S. 1057, 113 S. Ct. 990, 122 L. Ed.2d 142 (1993) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient). Movant's claims are subject to denial on this basis alone. However, the Court will provide a general discussion of his claims in the interest of justice.

Movant is correct in his assertion that counsel is required to investigate his case. However, a defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Movant has provided no evidence showing with specificity what further or different investigation would have revealed and how it would have altered the outcome of the trial. *Id*. He has likewise failed to show that counsel failed to adequately communicate with him. *Id*.

Movant complains about his counsel's advice on pleading guilty versus going to trial. When a movant is complaining about counsel's advice as to plead guilty, the movant must prove that, but for his counsel's allegedly incorrect advice, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S.52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). Here, Movant is complaining about the opposite – that counsel did not advise him to plead guilty. However, he has

not shown, but for his counsel's advice, that he would have pleaded guilty. Simply alleging error and/or prejudice is insufficient.

Furthermore, as it concerns counsel's failure to call certain witnesses,"complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

Movant has presented no evidence showing that any individual from his list of potential witnesses was willing and able to testify on his behalf. Further, he has provided no evidence showing what the substance of their testimony would have been. *Alexander*, 775 F.2d at 602;

*Gomez v. McKaskle*, 734 F.2d at 1109-10. He also has not shown that the decision not to call the witnesses was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282.

Movant complains of his counsel's failure to object several times. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

As in all of his issues, Movant has wholly failed to provide any specifics concerning his allegations. He has failed to show that any objections would have sustained, had they been made. A determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir.

1987). Movant presents no evidence that any motions or objections would have been granted or sustained. *Id*. It is well-settled that counsel is not required to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Movant also asserts that counsel's failure to file a motion to sever his case resulted in ineffective assistance of counsel. However, there is no duty to move for severance merely because of potentially exculpatory testimony of a co-defendant exists. *Schwander v. Blackburn*, 750 F.2d 494, 501 (5th Cir. 1985). Defense counsel is not ineffective for failing to move for severance absent proof that a co-defendant's testimony would have had an exculpatory effect. *Id*. Here, Movant presents no evidence showing that his co-defendant would have testified on his behalf or that he suffered any prejudice from being tried with his co-defendant. Movant has failed to allege facts demonstrating that the failure to file the motions rendered the trial as a whole fundamentally unfair. *Bailey v. Procunier,* 744 F.2d 1166, 169 (5th Cir. 1984). Movant presents no evidence that such a motion would have been granted. *Oakley*, 827 F.2d at 1025. He has also failed to show deficient performance or prejudice. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Movant asserts that trial counsel was ineffective for advising him not to testify on his own behalf. A criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53, 107 S. Ct. 2704, 2708 -10, 97 L. Ed.2d 37 (1987). However, trial counsel's decision as to whether a defendant will testify is reviewed as part of counsel's trial strategy. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002). In this case, Movant has not shown that he wished to testify and that counsel prevented him from doing so. Likewise, he has not shown that the decision not to call Petitioner to testify was not trial strategy. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d

at 799. Unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call the witnesses was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282.

Movant argues that trial counsel failed to adequately cross-examine witnesses. Cross-examination of a witness is a matter of trial strategy. *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989). However, Movant has failed to show that further or different cross-examination would have altered the outcome of the case. *Id*. He has failed to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Movant then claims that his appellate counsel was ineffective for failing to raise on appeal issues concerning alleged prosecutorial misconduct, a misstatement of law concerning the burden of proof, and the joinder of Movant and his co-defendants at trial. The issue of severance has already been discussed above and found to be without merit. Further, a review of the jury instructions show that the jury was properly charged as to the burden of proof of finding guilty beyond a reasonable doubt.

Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id*. at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman v. State*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5th Cir. 1995). Moreover, the burden is on the habeas petition to show a reasonable probability that, but for the remarks, the result would have been different.[1] *Id*. Movant has, again, failed to point to evidence in the record or otherwise, to show evidence of his claims. He has likewise failed to show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181, 106 S. Ct. at 2471. He has also failed to show that such acts prevented a fair trial. *Jones*, 69 F.2d at 1278.

Finally, as it concerns Movant's alleged conflict of interest claim that counsel was ineffective for being both trial and appellate counsel, he misunderstands the legal concept of conflict of interest. A conflict of interest exists when a defendant stands to gain significantly by advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing. *United States v. Abner*, 825 F.2d 835, 842 (5th Cir. 1987). Prejudice is presumed in an ineffective assistance of counsel claim only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance. *Id*. To be entitled to relief, a petitioner must show that counsel labored under an actual conflict of

---

[1] Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id*.

interest that "adversely affected his counsel's performance and prejudice under *Strickland*." *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996). The mere possibility of a conflict, absent a showing that the attorney actively represented conflicting interest, is not sufficient. *Id*. Movant has not shown that his counsel represented a co-defendant in his case, creating an actual conflict of interest. This issue is without merit.

Moreover, applicable to all of his appellate counsel claims, ineffective assistance of counsel claims are most often not raised until collateral proceedings are initiated because the record typically is not developed yet to show ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 500-01, 123 S. Ct. 1690, 1691-92, 155 L. Ed.2d 714 (2003) (discussion that requiring a petitioner to raise ineffective assistance of counsel claims on direct appeal would create risks as trial record may not be fully developed yet). Movant has failed to show a reasonable probability that, but for his counsel's failure to raise certain issues, he would have prevailed on his appeal. *Williams*, 529 U.S. 362, 120 S. Ct. 1495.

In sum, Movant has filed only non-specific, vague, conclusory allegations of ineffective assistance of trial and appellate counsel. He has neither shown deficient performance nor has he shown that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He also has not shown that, had appellate counsel raised certain issues on appeal, he would have prevailed. *Sharp*, 930 F.2d at 453. Movant has failed to allege or show evidence of errors of "constitutional or jurisdictional magnitude." *Shaid*, 937 F.2d at 232. He has failed to show a violation of a federal constitutional right. *Lowery*, 988 F.2d at 1367. Accordingly, his motion should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial

of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

### Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 16th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE